STATE OF NORTH DAKOTA EX REL. SVEINBJORN JOHNSON, Attorney General, Respondent, v. JOHN BLOOM, Appellant.

(193 N. W. 940.)

**Game — failure to qualify as game and fish commissioner by filing oath of office held to make office vacant.**

    Defendant appeals from a judgment against his claim to the office of game and fish commissioner. It appears that the defendant never qualified by filing with the secretary of state an oath of office. Hence his office became vacant and the governor had a legal right to fill the vacancy.

Opinion filed December 28, 1922. Rehearing denied May 22, 1923.

Game, 27 C. J. § 19 p. 954 n. 74, 75.

Appeal from the District Court of Burleigh County, *Nuessle,* J. Affirmed.

*Wm. Langer, W. S. Lauder,* and *P. D. Norton,* for appellant.

"Defect in qualification does not ipso facto work a forfeiture of office." Sprowl v. Lawrence, 33 Ala. 674; Crawford v. Howard, 9 Ga. 314; State v. Jackson, 27 La. Ann. 541; Clark v. Ennis, 45 N. J. L.

69. Compare Hoagland v. Culvert, 20 N. J. L. 387. See also State v. Potts, 4 N. J. L. 396; Cronin v. Gundy, 16 Hun (N. Y.) 524; Kelly v. State, 25 Ohio St. 567.

A justice of the peace who acts as such without having taken the oath of office is an officer de facto until his forfeiture of the office is declared in a proper proceeding, though under the law the neglect to take such oath amounts to forfeiture of the office, and acting without having so qualified is a misdemeanor. Weeks v. Ellis, 2 Barb. (N. Y.) 320.

"There are many loose expressions in the law books concerning an officer de facto and de jure. Under the former term judges have frequently grouped with those who had a colorable title, and even with those who were regularly inducted into office and yet had committed some act which would justify a forfeiture. This last case is, however, not properly a case of an officer de facto. It is an instance of a rightful officer holding by a defeasible title. His acts are in all respects lawful *until the state interferes by a proceeding in the nature of a quo warranto.* It only tends to confusion to style him an officer de facto whose acts are only valid as to the public and third persons, and cannot be sustained as to himself."

A statutory requirement that a bond or oath of office must be executed and filed within a certain number of days is merely directory and the bond and the oath of office may be lawfully filed on a subsequent day. Duntley v. Davis, 42 Hun, 229; McRoberts v. Winant, Abb. Pr. N. S. 210; People v. Holley, 12 Wend. 481; Com. v. Read, 2 Ashm. 261; State v. Churchill, 41 Mo. 41; State v. Texas Co. Ct. 44 Mo. 230; Kearney v. Andrews, 10 N. J. Eq. 70; State v. Porter, 7 Ind. 204; Smith v. Kronkhite, 8 Ind. 134; State v. Peck, 30 La. 280.

"Failure to take the oath of office within the time specified by law does not ipso facto create a vacancy which would prevent the officer from qualifying thereafter, if it is done before legal steps are taken to declare the vacancy, although the statute declares that the office shall become vacant on refusal or neglect to take the oath within the prescribed time." State ex rel. v. Ruff, 4 Wash. 234, 29 Pac. 999; Chicago v. Gage, 95 Ill. 593; People v. Holley, 12 Wend. 491; State v. Churchill, 41 Mo. 41; State v. Porter, 7 Ind. 204; State v. Falconer, 44 Ala. 696; Mechem, Pub. Off. §§ 265, 266.

"Failure to give a bond within the time prescribed does not work

for a forfeiture (of a public office) even though the statute expressly provides that upon a failure to give bond within the time prescribed the office shall be deemed vacant and may be filled by appointment." Cronin v. Stoddard, 97 N. Y. 271; People v. Watts, 73 Hun, 404, 26 N. Y. Supp. 280. See also Cronin v. Gundy, 16 Hun, 520; Worsley v. Smith, 81 N. C. 304; State v. Tool, 4 Ohio St. 553.

*Sveinbjorn Johnson*, Attorney General, and *Geo. F. Shafer*, Assistant Attorney General, for respondents.

Where a statute requires an appointee to take an oath of office he cannot be considered as having qualified unless he takes such oath. Johnston v. Wilson, 2 N. H. 202, 9 Am. Dec. 50.

Taking the required oath of office is an indispensable prerequisite to investiture with the authority and duties thereof. Thomas v. Owens, 4 Md. 189; Murphy v. Hudson, 102 Atl. 896; State v. McClendon, 118 La. 792, 43 So. 417; State v. Aikens, 118 La. 805, 43 So. 421; State v. Plunkett, 118 La. 804, 43 So. 421; People v. Anderson, 164 N. W. 481; People v. McKinney, 52 N. Y. 374; Riddle v. County, 7 Serg. & R. 386; City v. Given, 60 Pa. 136; Re Advisory Opinion to Governor, 50 L.R.A.(N.S.) 365; Archer v. State, 74 Md. 443, 28 Am. St. Rep. 261.

A document is "filed" with an officer when it is placed in his custody and deposited by him in the place where his official records and papers are usually kept. O'Brien v. Schneider, 88 Neb. 479, 129 N. W. 1002; People v. Peck, 22 N. Y. Supp. 576; Re Norton, 53 N. Y. Supp. 1093.

A paper is "filed" when delivered to the proper officer and by him received to be kept on file. Eureka Stone Co. v. Knight, 82 Ark. 164, 100 S. W. 878.

To file a paper it must be deposited with or placed in the custody of the proper officer and it is incumbent upon the party filing to see that the paper is so deposited or placed in the custody of such officer before he may claim that it is properly filed. It is not sufficient that such paper be deposited in the postoffice addressed to the officer. Pendry v. Brenna, 169 Pac. 174; Wells v. State, 175 Ind. 380, 94 N. E. 321. See also Prather v. Hart, 17 Neb. 598, 24 N. W. 282; State v. Wait, 92 Neb. 313, 138 N. W. 159; Harris v. Tucker, 54 Ala. 205; People v. Common Council, 77 N. Y. 503; State v. Gormley, 53 Wash. 543; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198; People v. Taylor,

57 Cal. 620; Adams v. Doyle, 139 Cal. 678, 73 Pac. 582; Re Advisory Opinion to Governor, 62 So. 363, 50 L.R.A.(N.S.) 365.

ROBINSON, J. Defendant appeals from a judgment against his claim to the office of game and fish commissioner. As the complaint avers, on April 21, 1921, Governor Frazier appointed him for a term of two years to the office of game and fish commissioner. Under such appointment defendant acted as game commissioner until February 27, 1922, without filing an official oath with the secretary of state. On February 28th, 1922, the governor declared the office vacant and appointed Elmer T. Judd to fill the vacancy. On March 3, 1922, Judd qualified, filed his oath of office and bond with the secretary of state, paying the fee of $2. On March 2d, 1922, after receiving notice of the revoking of his appointment, defendant attempted to qualify, but the secretary of state refused to receive the papers. On the trial defendant made proof that soon after receiving his commission he duly executed his official oath and mailed the same, at Devils Lake, in a sealed envelope with $2 in currency, addressed to the secretary of state at Bismarck; but it appears the same was never received in the office of the secretary of state. When currency is inclosed in a letter it greatly lessens the chance of its delivery. The facts are defendant did not qualify, and his attempted qualification came too late. The statute attaches great importance to the qualification of an officer and makes it a misdemeanor to exercise the duties of an office without qualifying. Comp. Laws, § 9300. The contention of defendant is that his failure to qualify did not constitute a vacancy, but that is contrary to the plain words of the statute:

Sec. 683. "Every office shall become vacant upon the happening of either of the following events:

1. Death of the incumbent.
2. His insanity judicially determined.
3. His resignation.
4. His removal from office.
5. His failure to discharge the duties of his office, etc.
6. His failure to qualify as provided by law.
7. His ceasing to be a resident of the state.
8. His conviction of a felony.

9. His ceasing to possess any of the qualifications of office prescribed by law.

10. The decision of a competent tribunal declaring void his election or appointment."

Thus it appears an office becomes vacant on the death of the incumbent, on his resignation, on his failure to qualify, or the decision of a competent tribunal declaring void his election or appointment. The plain word of the statute is that an office becomes vacant on a failure to qualify and also on the decision of a competent tribunal. Such being the plain words of the statute, there is no occasion for a review of the numerous decisions cited on different statutes of other states. The defendant did not qualify and by reason of his failure to qualify the office became vacant. The governor had a perfect right to fill the vacancy just the same as if the defendant had died or removed from the state, and just the same as if a court of competent jurisdiction had declared void the appointment.

Judgment affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, J., concur.

BRONSON, J., concurs in result.

GRACE, J., did not participate.

## On petition for rehearing.

PER CURIAM. In this case defendant has petitioned for a rehearing. The contention is that the former opinion is basically wrong; that the statute Comp. Laws, 1913, subd. 6, § 683 providing that an office shall become vacant upon the failure of the incumbent "to qualify as provided by law," is directory merely, and does not of itself work a forfeiture of the right to the office. The question thus raised has been fully considered in the case of State ex rel. Johnson v. Cahill, post, 193 N. W. 938, decided herewith. The opinion in that case is a complete answer to the question raised in the petition for rehearing in this case.

Rehearing denied.

Bronson, Ch. J., and Birdzell and Christianson, JJ., and Cooley, Dist. J., concur.

Justices Johnson and Nuessle, being disqualified, did not participate in the decision on petition for rehearing, Honorable Chas. M. Cooley, Judge of First Judicial District, sitting in their stead.